UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JANELLE FOLKERTS, *et al.*,

             Plaintiffs,

    v.

CITY OF NORTH LAS VEGAS, *et al.*,

             Defendants.

Case No. 2:22-CV-01192-GMN-EJY

**ORDER**

Pending before the Court is Plaintiffs' Motion for Leave to file a First Amended Complaint (the "Motion" or "Motion to Amend"). ECF No. 30. The Court considered the Motion, Defendants' Opposition (ECF No. 32), and Plaintiffs' Reply (ECF No. 33).

**I.   Relevant Background**

On July 25, 2022, Plaintiffs filed their Complaint containing six causes of action against Defendants arising out of an alleged deliberate and unconstitutional separation of parents Janelle and Michael Folkerts from their daughter, A.F. ECF No. 1. On March 22, 2023, after discovery closed in this matter Defendants moved for summary judgment, which remains pending. ECF No. 21. Plaintiffs say the December 29, 2022 Nevada Supreme Court decision *Mack v. Williams*, 522 P.3d 434 (Nev. 2022), first recognized a private right of action for money damages arising from a violation of Art. 1, § 18 of the Nevada Constitution. ECF No. 30 at 2. Plaintiffs seek to add this newly recognized cause of action to their Complaint while making no changes to their existing factual allegations.[1] *Id.*

Defendants oppose the amendment arguing Plaintiffs must demonstrate good cause under Fed. R. Civ. P. 16(b) and show the amendment is proper under Fed. R. Civ. P. 15. ECF No. 32 at 5.[2] Defendants say that the 2022 *Mack* decision did not provide any new or previously unavailable

---

[1]     Plaintiffs attach a proposed First Amended Complaint at ECF No. 30-1. The proposed additional cause of action appears in ¶¶ 64-68.

[2]     Defendants argue Plaintiffs' Motion should be denied under LCR (Local Criminal Rule) 47-3 because Plaintiffs do not explicitly cite the applicable Fed. R. Civ. P. on which they rely. ECF No. 32 at 4 n.1. Local Criminal Rules do not apply to this civil action.

information to Plaintiffs that would warrant a finding of good cause under Rule 16(b). *Id.* Defendants say before the *Mack* decision nothing prevented a plaintiff from asserting a claim for damages under Art. 1, § 18 of the Nevada Constitution. *Id.* at 6. Defendants further argue that if *Mack* did create a new cause of action, Plaintiffs was dilatory as almost five months elapsed between the *Mack* decision and Plaintiffs' Motion to Amend filing date. *Id.* Defendants question the assertion that Plaintiffs' counsel only learned of the *Mack* decision three days before filing the instant Motion to Amend. *Id.* at 7. Defendants submit that regardless of the veracity of this assertion, the lack of diligence in keeping apprised of Nevada law is a crucial factor under Rule 16(b) weighing against permitting untimely amendment. *Id.* Defendants reassert Plaintiffs' delay and a lack of awareness regarding the *Mack* decision as violations of Rule 15. Defendants conclude they will be prejudiced if amendment is permitted as their Motion for Summary Judgment is fully briefed, and an amendment will delay consideration of dispositive motions and trial. *Id.* at 8.

In Reply Plaintiffs contend good cause exists under Rule 16(b) for amendment because prior to the *Mack* decision there was no legal basis to include an Art. 1, § 18 claim in a private civil action. ECF No. 33 at 3. Plaintiffs argue they should not be punished for failing to assert a claim that was legally foreclosed at the time they filed their initial Complaint. *Id.* at 5. Regarding delay, Plaintiffs point to lead counsel who primarily practices in Illinois and had no reason to watch for Nevada Supreme Court decisions that might impact this litigation. *Id.* Plaintiffs repeat their counsel drafted the proposed amended complaint along with the Motion to Amend and filed them three days after becoming aware of the *Mack* decision. *Id.* at 5-6; Declaration of Jordan Marsh at ECF No. 33-1 ¶¶ 2-7.

With respect to prejudice, Plaintiffs contend the new claim under the Nevada Constitution is "substantively identical" to the already pleaded Fourth Amendment claim under the U.S. Constitution providing a significant body of case law applicable to the Nevada constitutional claim. *Id.* at 7 *citing Mack*, 522 P.3d at 442. For this reason, Plaintiffs contend Defendants can supplement their Motion for Summary Judgment without significant work. *Id.* Plaintiffs also say this case has proceeded quickly and no additional discovery will be necessary to address Plaintiffs' new cause of action. *Id.* at 8. Plaintiffs argue that the deadline to amend pleadings preceded the *Mack* decision

1  by three months meaning that it was impossible for Plaintiffs to file their proposed amended
2  complaint before the deadline for amendment expired.  *Id.* at 9.[3]

3  **II.    Discussion**

4         The ability of a party to amend its complaint after the deadline in the scheduling order has
5  passed is analyzed under the good cause standard contained in Rule 16(b), which is done before
6  analyzing the parties' request under Rule 15.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604,
7  608 (9th Cir. 1992); *see also Acosta v. Wellfleet Communications, LLC*, Case No. 2:16-cv-02353-
8  GMN-GWF, 2019 WL 1284100, at *2 (D. Nev. Mar. 19, 2019).  Good cause is primarily focused
9  on the "diligence of the party seeking amendment."  *Id.* at 609.  As stated in *Estate of Browning v.*
10 *Las Vegas Metro. Police Dept.*, Case No. 2:20-cv-01381-KJD-VCF, 2023 WL 3340880, at *2 (D.
11 Nev. May 10, 2023), while Plaintiffs could, at least potentially, have attempted to bring their Nevada
12 constitutional claim before *Mack*, there is no dispute that *Mack* established, as a matter of Nevada
13 law, such a claim exists.  Plaintiffs did not and could not have known of the availability of the claim
14 under Art. 1, § 18 of the Nevada Constitution prior to December 29, 2022.  Plaintiffs were diligent
15 in acting to file their Motion to Amend in May 2023 as soon as they became aware of the *Mack*
16 decision.  The Court finds good cause for Plaintiffs' failure to file their proposed amended complaint
17 prior to the deadline set forth in the Scheduling Order.[4]

18        Under Fed. R. Civ. P. 15(a)(2) courts have broad discretion when deciding whether to allow
19 parties to amend their pleadings.  *Allen v. City of Beverly Hills*, 911 F.2d 367, 373 (9th Cir. 1990)
20 (internal quotation marks omitted).  Further, in the Ninth Circuit, Rule 15(a)(2) is applied with
21 "extreme liberality."  *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003)

22

23

---

[3]      The Court notes Plaintiffs' erroneously identifies the deadline to amend pleadings as September 20, 2022, not
November 22, 2022. ECF No. 33 at 9 and *compare* ECF No. 16 at 2.

[4]      Neither party mentions excusable neglect, which Local Rule ("LR") IA 6-1(a) requires when the "request [is]
made after the expiration of the specified period." *See also* LR 26-3.  In evaluating excusable neglect, the Court considers
the following factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential
impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith."  *Bateman v.*
*U.S. Postal Service*, 231 F.3d 1220, 23-24 (9th Cir. 2000), *citing Pioneer Investment Services Co. v. Brunswick Assocs.*,
507 U.S. 380, 395 (1993).  Here, the reason for delay is established as the December 29, 2022 Nevada Supreme Court
decision on which the amendment request is based.  This supports the conclusion that excusable neglect existed for
Plaintiffs' failure to timely file their request to amend.

(per curiam).  Courts draw all reasonable inferences in favor of granting motions to amend.  *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999) (internal citation omitted).

Factors considered by the courts when determining whether to grant leave to amend include whether the: (1) moving party acted in bad faith; (2) moving party unduly delayed the request; (3) opposing party will suffer prejudice; (4) amendment is futile; and (5) plaintiff has previously amended its complaint.  *Eminence Capital, LLC*, 316 F.3d at 1052.  Courts exercising discretion to grant or deny a motion to amend "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities."  *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (internal citation omitted).  In this matter, Defendants argue Plaintiffs' unduly delayed bringing their Motion to Amend and granting amendment will cause Defendants undue prejudice.  ECF No. 32 at 8.

When evaluating delay in the context of a motion to amend, courts must determine "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading."  *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990).  A lack of dilatory motive or gamesmanship by the party requesting leave to amend weighs in favor of permitting amendment.  *Carvajal v. Clark Cnty.*, 539 F.Supp.3d 1104, 1120 (D. Nev. 2021), *citing DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).  If the moving party can provide a satisfactory explanation for the delay in seeking amendment, delay cannot serve as a basis for the Court to deny leave to amend.  *Id. citing id.*

While there is a lack of case law addressing the attempted addition of a cause of action under Art. 1, § 18 of the Nevada Constitution, the Court finds the holding in *Estate of Browning* persuasive. In that case, discovery had closed and a motion for summary judgment was filed prior to the plaintiff seeking leave to amend its complaint to add the newly recognized Nevada constitutional claim.  *Id.* at *1.  The plaintiffs filed their motion to amend about two months after the dispositive motion was filed.  *Id.*  The Court, in permitting the amended complaint to be filed, held that the delay was justified due to the unusual nature of the event prompting amendment; that is, a state supreme court decision identifying a new cause of action after the amendment and discovery deadlines had passed.  *Id.* at *2.  Here, while Plaintiffs failed to request leave to amend until more than four months after

discovering the *Mack* decision was issued, Plaintiffs point to their out of state counsel who was not aware of the *Mack* decision until May 20, 2023 and who filed the Motion to Amend three days later. The Court found no case law imposing a bright line rule that when a new authority is released potentially impacting a lawsuit, the impacted party has a specified amount of time to move for amendment. Moreover, the combination of the liberal standard to be applied to motions to amend and the unusual circumstances of this matter lead the Court to find Plaintiffs' explanation for delay satisfactory and no improper dilatory motive arising from their actions.

Next, the Court considers "[t]o overcome Rule 15(a)'s liberal policy favoring leave, the prejudice to the opposing party must be substantial." *Robertson v. Bruckert*, 568 F.Supp.3d 1044, 1047 (N.D. Cal. 2021) (internal quotation marks and citation omitted). Prejudice may be found, for example, where there is a "a need to reopen discovery and therefore delay the proceeding," or the "addition of an independent claim that catches the opposing party off guard after dispositive motions have been filed." *Id.* at 1048 *citing Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999).

The Court acknowledges that granting the request to amend will require Defendants to amend or supplement their pending Motion for Summary Judgment thus generating some additional fees and costs. However, given the circumstances, the Court finds these concerns insufficient to deny Plaintiffs the opportunity to seek relief under a new cause of action established on December 29, 2022 by *Mack*. More specifically, Plaintiffs assert no new factual allegations in their proposed amended complaint. *Compare* ECF No. 1 *with* ECF No. 30-1. Instead, Plaintiffs only include their new claim as a seventh cause of action. This cause of action mirrors the already addressed Fourth Amendment claim at ECF No. 1 ¶¶ 49-53. Indeed, the language in the two causes of action is nearly identical. *Compare* ECF No. 1 ¶¶ 49-53 *with* ECF No. 30-1 ¶¶ 64-68. Because these claims are so closely aligned, Plaintiffs contend, and the Court agrees, no additional discovery should be needed before Defendants are able to fully and fairly seek summary judgment on the Nevada Art. 1 § 18 claim. If Defendants believe they need additional discovery, they may seek the same first through discussions with Plaintiffs and then, if agreement cannot be reached, through the Court. If no additional discovery is sought by Defendants the delay in proceedings will be addressed through a

revised and truncated briefing schedule to amend or supplement existing motion practice. Thereafter, the Motion for Summary Judgment will be ruled upon by the District Judge in accordance with her procedure for addressing the numerous fully briefed motions before her.

For the foregoing reasons, the Court finds Plaintiffs have met the good cause standard for failing to move to amend their Complaint prior to the deadline in the Scheduling Order and that neither undue delay nor prejudice warrants denial of the Motion to Amend under Rule 15(a)(2).

**III.    Order**

IT IS HEREBY ORDERED that Plaintiffs' Motion for Leave to file a First Amended Complaint (ECF No. 30) is GRANTED.

IT IS FURTHER ORDERED that the First Amended Complaint at ECF No. 30-1 must be separated from ECF No. 30 and filed on the docket.

DATED this 27th day of July, 2023.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE